UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADASHA TURNER,

        Plaintiff,

   v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

        Defendant.

C17-1 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's motion for *de novo* standard of review and for limited discovery, docket no. 14, is GRANTED in part and DENIED in part, as follows:

(a)    Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B), to challenge defendant's decision to deny, under the group life insurance policy at issue, waiver of premium ("LWOP") benefits. A denial of benefits is reviewed pursuant to § 1132(a)(1)(B) under the *de novo* standard unless the benefit plan confers discretion on the plan administrator to determine eligibility for benefits or construe the terms of the plan. *See*, *e.g.*, *Pettit v. Life Ins. Co. of N. Am.*, 2016 WL 3668022 at *4 (D. Md. July 11, 2016) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The plan at issue undisputedly contains no grant of discretion. *See* AR 4325-72 (docket no. 13-12). Defendant, however, contends that it was bestowed discretion by an undated Appointment of Claim Fiduciary ("ACF"), which provides that "Claim Fiduciary shall have authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." AR 4404 (docket no. 13-12 at 326). For support, defendant relies on *Siegel v. Conn. Gen'l Life Ins. Co.*, 702 F.3d 1044 (8th Cir.

2013), and _Raybourne v. Cigna Life Ins. Co. of N.Y._, 576 F.3d 444 (7th Cir. 2009). Both cases are easily distinguishable. In _Siegel_, the plan indicated that it could be altered "by amendment signed by the Policyholder and by the Insurance Company acting through its President, Vice President, Secretary, or Assistant Secretary." 702 F.3d at 1048. The claim fiduciary appointment at issue in _Siegel_ was signed by the requisite officers and was therefore effective in granting discretion. _Id._ In contrast, in this case, the plan states that "[n]o change in the Policy will be valid until approved by an executive officer of the Insurance Company" and that "[t]his approval must be endorsed on, or attached to, the Policy." Defendant appears to concede that the ACF was not endorsed on, or attached, to the plan. The other case cited by defendant, _Raybourne_, was decided before the Supreme Court issued its opinion in _CIGNA Corp. v. Amara_, 563 U.S. 421 (2011), and _Raybourne_'s continued validity has been questioned by a variety of district courts. _See Pettit_, 2016 WL 3668022 at *8; _Moran v. Life Ins. Co. of N. Am._, 2014 WL 4251604 at *6 (M.D. Pa. Aug. 27, 2014); _Barbu v. Life Ins. Co. of N. Am._, 987 F. Supp. 2d 281 (E.D.N.Y. 2013). _Raybrone_ is also distinguishable for the reasons set forth in _Pettit_, _Moran_, and _Barbu_. Unlike in _Raybourne_, which did not discuss the effect of any integration clause, in _Pettit_, _Moran_, and _Barbu_, the failure to enumerate the claim fiduciary appointment among the documents comprising the policy was deemed a basis for refusing to consider such appointment a part of the benefit plan. _Pettit_, 2016 WL 3668022 at *7; _Moran_, 2014 WL 4251604 at *7; _Barbu_, 987 F. Supp. 2d at 287-88. Similarly, in this case, the integration clause indicates that "[t]he entire contract will be made up of the Policy, the application of the Employer, a copy of which is attached to the Policy, and the applications, if any, of the Insureds." AR 4363 (docket no. 13-12 at 285). Thus, _Raybourne_'s holding that the summary plan description's explicit reference to the "claims fiduciary agreement" was sufficient to confer discretion, _see_ 576 F.3d at 448, is of no persuasive value in this case. _See Barbu_, 987 F. Supp. 2d at 287. The Court is persuaded by the reasoning of _Pettit_, _Moran_, and _Barbu_ that the "discretion" provision of the ACF is not a term of the benefit plan, and that the appropriate standard of review is _de novo_, not "arbitrary and capricious" or "abuse of discretion." _See Francis v. Anacomp, Inc. Acccidental Death & Dismemberment Plan_, 2011 WL 4102143 at *4 (S.D. Cal. Sep. 14, 2011) (citing _Grosz-Salomon v. Paul Revere Life Ins. Co._, 237 F.3d 1154 (9th Cir. 2001)).

(b)     Under _de novo_ review, the Court evaluates whether the plan administrator correctly or incorrectly denied benefits, without regard to whether the administrator operated under a conflict of interest. _See Abatie v. Alta Health & Life Ins. Co._, 458 F.3d 955, 963 (9th Cir. 2006). Thus, to the extent that plaintiff's proposed discovery requests seek evidence of any conflict of interest defendant might have, they are outside the bounds of appropriate discovery. _See Bourland v. Hartford Life & Accident Ins. Co._, 2014 WL 4748218 at *2-*3 (W.D. Wash. Sep. 24, 2014); _see also Frost v. Metro. Life Ins. Co._, 414 F. Supp. 2d 961, 965 (C.D. Cal. 2006) (disallowing inquiry into the reasonableness of the plan

administrator's reliance on reviewing doctors' opinions). Many of plaintiff's discovery requests, however, are aimed at the credibility of medical reviewers, which will be relevant to the weight the Court assigns to their opinions on *de novo* review. *Id.* at *3; *see also* *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (indicating that extrinsic evidence may be considered on *de novo* review in certain limited circumstances, including when issues arise regarding the credibility of medical experts (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993))). The Court will therefore permit limited discovery concerning the relationship between defendant and Drs. S. Rebecca Gliksman, Sami Kamjoo, Joseph Rea, and Jacqueline W.L. Wong, as follows:

> (i)  For the years 2014 and 2015 (the years in which plaintiff became disabled and her application for LWOP benefits was denied, respectively), defendant shall indicate (A) the number of reviews each doctor listed above conducted for defendant in connection with an application for LWOP benefits, (B) in what percentage of such reviews did each doctor conclude that the claimant was not disabled, and (C) the amounts paid to each doctor by defendant during the year in connection with LWOP-benefit applications and in total for all reviews; and

> (ii)  Defendant shall produce copies of any bills for service, invoices, or records of payments relating to the reviews each doctor listed above conducted with respect to plaintiff's application for LWOP benefits.

Defendant's responses shall be served on plaintiff within thirty-five (35) days of the date of this Minute Order. Except as granted in Paragraphs 1(b)(i) & (ii), above, plaintiff's motion to conduct discovery is denied.

(2)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of July, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk
