UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADASHA TURNER,

        Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

        Defendant.

C17-1 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for protective order, docket no. 22, is GRANTED in part and DENIED in part, as follows:

    (a) The limited discovery permitted in Paragraph 1(b)(i) of the Minute Order dated July 12, 2017, docket no. 17, is AMENDED as follows: Within fourteen (14) days of the date of this Minute Order, defendant shall, with respect to Drs. S. Rebecca Gliksman, Sami Kamjoo, Joseph Rea, and Jacqueline W.L. Wong, for the years 2014 and 2015, indicate (A) whether any of these doctors receive compensation in the form of bonuses, financial incentives, or the like that depend on or correlate with the substance of their opinions and/or reports, and if so, how much in bonuses, incentives, or the like each such doctor received per year, (B) the number of reviews per year each of these doctors conducted for defendant, and (C) the total amount paid per year to Exam Coordinators Network, Inc. ("ECN") and/or Medical Consultants Network, LLC ("MCN") for reviews conducted by these doctors.[1]

---

[1] Defendant Life Insurance Company of North America ("LINA") asserts that it does not maintain electronically-searchable records concerning which doctors have conducted reviews. *See* Downey Decl. (docket no. 23); Downey 2d Decl. (docket no. 28). The documents produced to plaintiff, however, pursuant to Paragraph 1(b)(ii) of the Minute Order dated July 12, 2017, docket no. 17, *see* Ex. A to Denton Decl. (docket no. 24), indicate that the identity of the

MINUTE ORDER - 1

(b) Except as GRANTED as indicated in Paragraph 1(a), above, defendant's motion for protective order is DENIED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of September, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

reviewer is included in each vendor's invoices, and LINA has offered no business reason for choosing not to log such important information in its databases, particularly in light of previous decisions requiring similar discovery. *See* <u>Anderson v. Life Ins. Co. of N. Am.</u>, 2012 WL 1884382 at *3 (D. Utah May 22, 2012) (observing that LINA's choice "not to maintain a database in this age of technology cannot excuse it from discovery requests" and ordering LINA to provide the number of claims reviewed by a particular physician during the previous five years involving certain grounds for obtaining benefits); <u>Hall v. Life Ins. Co. of N. Am.</u>, 265 F.R.D. 356 (N.D. Ill. 2010) (directing LINA to provide, for the past five years, the number of claims reviewed by and the amounts paid to the medical or vocational professionals who offered opinions regarding the plaintiff's claim). The Court is satisfied that requiring LINA to disclose "batting average" statistics (*i.e.*, the percentage of claims that were denied by defendant in which one of the doctors at issue conducted a review), would be disproportionate to the needs of the case, yielding virtually useless information, the benefit of which would be greatly outweighed by the expense of production. *See* <u>Atkins v. UPMC Healthcare Benefits Trust</u>, 2014 WL 1572439 at *3 (W.D. Pa. Apr. 17, 2014); <u>Warner v. Unum Life Ins. Co. of Am.</u>, 2013 WL 3874060 at *6-*7 (N.D. Ill. July 26, 2013); *see also* Fed. R. Civ. P. 26(b)(1).

MINUTE ORDER - 2