1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

ADASHA TURNER,

8

Plaintiff,

9

v.

C17-1 TSZ

10

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

ORDER

11

12

Defendant.

13    THIS MATTER, having come before the Court on Plaintiff's Motion for Award of

14 Attorneys' Fees and Costs, docket no. 51 (the "Motion"), and being sufficiently advised,

15 having considered the Motion, Defendant's opposition to the Motion, and Plaintiff's

16 reply, the Court hereby GRANTS in part, and DENIES in part, Plaintiff's Motion as set

17 forth below.

18    1.    Plaintiff's request for fees incurred for discovery-related efforts shall be

19 reduced to 20 hours because no more than 20 hours should have been incurred on

20 discovery-related efforts.

21    2.    Plaintiff's request for fees will not be reduced for time spent on dispositive

22 motions.

23

ORDER - 1

1      3.      Plaintiff's request for fees shall be reduced by 0.8 hours that counsel spent

2  on efforts relating to the reinstatement of Plaintiff's long-term disability benefits.  These

3  efforts were unrelated to the case because Plaintiff's Complaint did not include

4  allegations related to Plaintiff's long-term disability benefits.

5      4.      Plaintiff's request for fees will not be reduced by 2.5 hours that counsel

6  spent communicating with each other about the application of the Western District of

7  Washington's Local Rules and/or general practices.  These efforts were related to the

8  case and appropriate.

9      5.      Plaintiff's request for fees will not be reduced by 1.0 hours that counsel

10  spent drafting his *pro hac vice* application, and by 0.1 hours that counsel spent

11  communicating with each other about the assignment of the undersigned as the judge on

12  the case.  These efforts were related to the case.

13      6.      Plaintiff's request for fees will not be reduced by 1.2 hours that counsel

14  spent on general inter-office communications.  These efforts were related to the case.

15      7.      Plaintiff's requested rate of $500 per hour is reasonable for this ERISA

16  matter.  The declaration of Mel Crawford, an attorney in the Western District of

17  Washington, and evidence of four recent attorney-fee awards in ERISA matters, two for

18  Mr. Crawford and two for Christopher Roy, support an amount of $500.  This is precisely

19  the type of evidence considered when determining the reasonable hourly rate.  *Welch v.*

20  *Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007).  As his declaration, docket

21  no. 51-1, demonstrates, plaintiff's lead counsel, Robert Rosati, has more legal experience

22

23

than Mr. Crawford and far more legal and ERISA experience than Mr. Roy.  Rosati's reasonable rate in this district is $500 per hour.

8.      Plaintiff's request for a fee enhancement is DENIED.  Plaintiff has failed to establish that exceptional circumstances entitle her to an attorneys' fees enhancement or that the lodestar amount is unreasonably low.

9.      Plaintiff is hereby awarded reasonable attorneys' fees in the amount of $79,800, which includes the amount set forth in Rosati's supplemental declaration, docket no. 54, but not the amount set forth in Crawford's supplemental declaration, docket no. 55.

10.     Plaintiff is awarded costs in the amount of $1,876.66.  These costs were incurred and are reasonable.  See Rosati Decl., docket no. 51-1, ¶ 14; Crawford Decl., docket no. 51-2, ¶ 12.

11.     The Clerk is DIRECTED to enter judgment, to send a copy of this Order and the Judgment to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 1st day of June, 2018.


Thomas S. Zilly
United States District Judge